FILED
 2024 Feb-27  AM 10:42
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| RUBY WADDELL, | ) |
| | ) |
|     Claimant, | ) |
| | ) |
| vs. | ) Civil Action No. 5:23-cv-1190-CLS |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Claimant, Ruby Waddell, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision by the Commissioner of the Social Security Administration that affirmed the decision of the Administrative Law Judge ("ALJ") and, thereby, denied her claim for a period of disability, disability insurance benefits, and supplemental security income.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ did not properly evaluate the credibility of claimant's subjective complaints of pain.

The ALJ found that claimant suffered from the following severe impairments that significantly limited her ability to perform basic work activities: lumbar degenerative disc disease; fibromyalgia; and, obesity.[1] She also considered the medical evidence of record showing a history of hyperlipidemia, vitamin D deficiency, hyperglycemia unspecified, restless legs syndrome, blood clots, varicose veins in legs, seizure, and arthritis, but found that claimant's ability to perform basic work activities was not significantly limited by those conditions. The ALJ found that claimant had the medically determinable mental impairments of unspecified depressive disorder, mild; and panic/generalized anxiety order, but that claimant's ability to perform basic mental work activities was no more than minimally limited.[2]

The ALJ compared the medical evidence of record to the listing of impairments, but concluded that claimant's impairments did not meet or medically equal the criteria of any listed impairment.

---

[1] Tr. 20.
[2] *Id.* at 21.

After reviewing the medical evidence, claimant's hearing testimony, the testimony of the vocational expert, and other record evidence, the ALJ found that claimant retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing ladders, ropes, and scaffolds; frequent, but not constant, climbing ramps/stairs, stooping, kneeling, and crouching; occasional balancing and crawling; and avoid concentrated exposure to temperature extremes, pulmonary irritants, and to unprotected heights and moving machinery.

Tr. 23. Claimant contends that the ALJ did not properly evaluate the credibility of her subjective symptoms.

To demonstrate that pain or another subjective symptom renders him disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons" for doing so. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). The ALJ in the

present case properly applied those legal principles.

The ALJ thoroughly reviewed and discussed the medical evidence of record, as well as claimant's statements and the statements of her daughter-in-law about her symptoms and their limiting effects on her daily activities. Following review of the record, the ALJ determined that the severity of claimant's alleged symptoms was not supported by the objective medical evidence and diagnostic testing. The ALJ further found that claimant's reported activities of daily living were not as limited as would be expected given her complaints of disabling pain.

Based upon the foregoing, the court concludes that, contrary to claimant's contention, the ALJ fully evaluated and credited claimant's subjective complaints.

Accordingly, the court finds that the ALJ's conclusion was supported by substantial evidence, was in accordance with applicable law, and the decision of the Commissioner is affirmed. A final judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 27th day of February, 2024.

_____
Senior United States District Judge